IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-05303-GPG

ERNESTO VILLA JUAREZ,

Petitioner,

v.

JUAN BALTAZAR, Warden Aurora ICE Processing Center;
GEORGE VALDEZ, Denver Field Office Director U.S. Immigration and Customs Enforcement;
DAVID J. VENTURELLA, Senior Official, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, and
TODD BLANCHE, U.S. Attorney General, in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.SC. § 2241 (Petition) (D. 1). Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Respondents failed to respond to the Court's Order requiring them to show cause why the Petition should not be granted or release Petitioner (*see* D. 3). Petitioner states that Petitioner has been released (D. 6).

Accordingly, the Petition (D. 1) is GRANTED. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him." (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9 (10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284))).

Respondents are ENJOINED from arresting or detaining Petitioner for immigration reasons unless and until a final order of removal has issued for Petitioner[1] and from imposing conditions in excess of those already in place prior to Petitioner's arrest. The Court maintains jurisdiction to ensure compliance with all aspects of this Order. *See Phone Directories Co. v. Clark,* 209 F. App'x 808, 812 (10th Cir. 2006) ("It is well-established that a court retains ancillary jurisdiction over subsequent proceedings to enforce its own orders and judgments."); *Peacock v. Thomas,* 516 U.S. 349, 356 (1996) ("Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.").

Judgment shall issue in favor of Petitioner and against Respondents.

[1] This means that Petitioner SHALL not be re-detained by Respondents for immigration reasons without prior approval of the Court except to effectuate a final order of removal. Any such request to re-detain for immigration reasons SHALL be filed by Respondents into this action as a motion for alter or amend the judgment under Rule 60(b).

DATED October 30, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge